IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
CHIEF JUDGE MARCIA S. KRIEGER

Civil Action No. 19-mc-00004-MSK

DEANNA MARTINEZ,[1]

    Movant,

v.

SOCIAL SECURITY ADMINISTRATION OFFICE OF THE INSPECTOR GENERAL,

    Respondent.

---

**OPINION AND ORDER DENYING MOTION TO QUASH SUBPOENA**

---

**THIS MATTER** comes before the Court pursuant to Ms. Martinez's Motion **(# 1)** challenging a subpoena issued by the Respondent ("OIG") on Minnequa Works Credit Union, where Ms. Martinez maintains a bank account.

The Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.*, provides for certain procedures that must be followed when government authorities seek to obtain records relating to customers of financial institutions. As pertinent here, a governmental agency such as the OIG may subpoena the records of a financial institution's customers only "if there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry." 12 U.S.C. § 3405(1). If the agency does elect to subpoena customer records, it is required to inform the customer of this fact via a notice containing specific information. 12 U.S.C. § 3405(2). A customer receiving such notice may, within a specified time frame, move to quash the subpoena

---

[1]     The Court has previously denied **(# 7)** the motion to the extent it was asserted by Ms. Martinez's co-movant, Ernest Lave.

or enjoin the agency from obtaining the records. 12 U.S.C. § 3410(a). After hearing from the agency in response, the Court is obligated to determine whether: (i) the movant is the customer to whom the requested records pertain, and (ii) whether there is a "demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C. § 3410(c).

Here, OIG has indicated that it is engaged in an investigation into whether Ms. Martinez fraudulently obtained Supplemental Security Income ("SSI") payments by concealing information about her marriage and assets. A claimant's eligibility for SSI benefits is means-tested based on the assets available to the applicant and, if married, to the applicant's spouse. *See* 20 C.F.R. § 416.1205. Such an inquiry is legitimately within the scope of the OIG's enforcement powers, and thus, the Court finds that there is a demonstrable reason to believe that the OIG's inquiry is legitimate. 5 U.S.C. § 6(a)(2). Moreover, the OIG indicates that it is conducting its investigation based on a tip from its local field office that Ms. Martinez may actually be fraudulently concealing her marital status and assets. Admittedly, this explanation is highly general and conclusory, but a customer challenge proceeding under the Right to Financial Privacy Act "is not akin to an application for a warrant," and does not require particular specificity. All that is necessary is that the OIG has "a good reason to investigate." *Nicksolat v. U.S. Dept. of Transportation*, 277 F.Supp.3d 122, 128 (D.D.C. 2017). Here, information from an agency's own local office regarding a belief that Ms. Martinez was engaging in fraud is enough to meet the minimal standards required by the Act. Thus, the Court finds that there is a reasonable basis to believe that the OIG's inquiry into Ms. Martinez is legitimate, rather than commenced in bad faith for the sheer purpose of intimidation or harassment. *See e.g. Feiner v. U.S. S.E.C.*, 914 F.Supp.2d 474, 477 (S.D.N.Y. 2012).

There can be little argument that inquiry into Ms. Martinez's financial records would be relevant to an inquiry into whether she misrepresented her available asserts in order to obtain or retain SSI payments for which she is otherwise ineligible. This is enough to justify the subpoena, and the Court need not consider whether the OIG can justify the subpoena on the alternative basis that the records would be relevant to inquiry into whether Ms. Martinez is actually married to the account's joint holder, Mr. Lave. Accordingly, the Court finds that the OIG has demonstrated a basis to believe that its inquiry regarding Ms. Martinez is legitimate and that there is a reasonable belief that the records the OIG seeks are relevant to that inquiry.[2]

---

[2] Although the Court denies the motion on its merits, it would also deny it on the alternative grounds that Ms. Martinez did not timely file the instant motion. The Act requires that the movant file her motion within 10 days of service of the notice of subpoena or within 14 days of the subpoena's mailing. Here, the record reflects that Ms. Martinez was aware of the subpoena by at least December 20, 2018, as on that date, she wrote a letter to someone expressing her desire to file a motion under the Act. *Docket* # 1-2 at 12-13. By all appearances, Ms. Martinez sent that letter to the OIG, but did not immediately file her motion with the Court; instead, she commenced this action on January 25, 2019, more than a month later. Giving due regard to Ms. Martinez's *pro se* status and her unfamiliarity with the law, and thus affording her the liberal construction of her pleadings required by *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), the Court nevertheless finds that Mr. Martinez's motion was untimely. Ms. Martinez was specifically instructed by the OIG that she must "file the motion and sworn statement by mailing or delivering them to the Clerk of any of [several] United States District Courts." Ms. Martinez has offered nothing more than the simple statement that her failure to do so promptly was "not intentional," but has not elaborated.

Accordingly, Ms. Martinez's Motion **(# 1)** is **DENIED**. Also pending are motions by both Ms. Martinez and Mr. Lave to proceed without the payment of fees or costs **(# 10, 11)**. The Court **GRANTS** those motions pursuant to 28 U.S.C. §1915(c). There being no other matters requiring adjudication herein,[3] the Clerk of the Court shall close this case.

Dated this 12th day of February, 2019.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge

---

[3] Although the Court previously denied Mr. Lave's motion on January 29, 2019, due to the lack of any sworn statement from him as required by 12 U.S.C. §3410(a), on February 11, 2019, Mr. Lave, filed, without further explanation, a sworn statement **(# 8, 9)** ostensibly signed by him on January 2, 2019. To the extent this statement constitutes a request by Mr. Lave for reconsideration of the Court's January 29, 2019 Order, the Court denies it. Mr. Lave's motion is untimely for the same reasons discussed above.